UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELK TRANSPORTATION, INC., d/b/a Elk Environmental Services, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| US TRINITY ENERGY SERVICES, LLC, | ) ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Elk Transportation, Inc., d/b/a Elk Environmental Services, through counsel, Cohen, Seglias, Pallas, Greenhall & Furman, PC files this Complaint and in support thereof states as follows:

### INTRODUCTION

1. This is a diversity action arising out of Defendant, US Trinity Energy Services, LLC failure to make payment in the amount of $1,190,028.44 for goods and services that Plaintiff, Elk Transportation, Inc. furnished in connection with the construction of a pipeline located in the Commonwealth of Pennsylvania.

### THE PARTIES

2. Plaintiff, Elk Transportation, Inc. ("Elk") is a Pennsylvania corporation with a chief executive office located at 1440 Carbon Street, Suite B, Reading, Pennsylvania 19601.

3. Defendant, US Trinity Energy Services, LLC ("Trinity") is a Texas limited liability company with a chief executive office located at 200 Highland Circle, Argyle, Texas 76226. Trinity is registered as a foreign limited liability company authorized to conduct business

in the Commonwealth of Pennsylvania, with an address for the service of process c/o Business Filings Incorporated, 600 North Second Street, Suite 401, Harrisburg, Pennsylvania 17101. Upon information and belief, the sole member of Trinity is an individual residing in the State of Texas.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, because there is diversity of citizenship between Elk and Trinity, and the amount in controversy is in excess of $75,000. Elk is a Pennsylvania corporation with is chief executive office located in the Commonwealth of Pennsylvania. Trinity is a Texas limited liability company with its chief executive office located in the State of Texas, and its sole member is an individual residing in the State of Texas

5. This Court has personal jurisdiction over Trinity, because Trinity is registered as a foreign limited liability company authorized to conduct business in the Commonwealth of Pennsylvania, and a substantial part of the events, acts or omissions giving rise to the claims occurred in this District.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Elk's claims occurred in this District. Trinity's conduct in entering into contracts with Elk was aimed at inducing conduct from Elk that was to be performed in this District. The duty of performance that Elk owed to Trinity lay in this District. Finally, the subject of this action pertains to goods and services that Elk furnished to Trinity in connection with the construction of a pipeline that is situated in this District.

## FACTUAL BACKGROUND

7. Trinity entered into a construction contract with Sunoco Pipeline, LP ("Sunoco") with respect to the construction of a portion of a pipeline known as the Mariner East II (the

"Project"). The portion of the Project that Trinity constructed is referred to as Spread 2, extending from Delmont, Pennsylvania to Hollidaysburg, Pennsylvania.

8. Trinity contracted for Elk to provide: environmental support services for horizontal directional drilling ("HDD") operations on the Project; frack tanks, berms, transportation and fresh water for pipeline hydrostatic testing; and centrifuge processes on HDD operations.

9. Elk issued its April 9, 2018 proposal in response to Trinity's solicitation for the provision of frack tanks, berms, the supply of fresh water and disposal of water used in connection with hydrostatic testing of the pipeline that Trinity constructed for the Project ("First Proposal"). A true and correct copy of the First Proposal is attached hereto as Exhibit A and incorporated herein as if the same were set forth at length.

10. Trinity accepted the First Proposal.

11. Elk issued its September 18, 2018 proposal in response to Trinity's solicitation for the provision of centrifuge processes on a HDD bore ("Second Proposal"). A true and correct copy of the Second Proposal is attached hereto as Exhibit B and incorporated herein as if the same were set forth at length.

12. Trinity accepted the Second Proposal.

13. Elk issued its January 31, 2019 proposal in response to Trinity's solicitation for the provision of certain environmental support services for HDD operations for the Project ("Third Proposal"). A true and correct copy of the Third Proposal is attached hereto as Exhibit C and incorporated herein as if the same were set forth at length.

14. Trinity accepted the Third Proposal.

15. Elk supplied the goods and services pursuant to the terms of the First Proposal, Second Proposal and Third Proposal (collectively "Proposals"). Trinity accepted Elk's performance of Elk's obligations under the Proposals.

16. Elk issued to Trinity invoices for the goods and services rendered pursuant to the Proposals. A summary of the outstanding invoices, totaling $1,190,028.44, is attached hereto as Exhibit D and incorporated herein as if the same were set forth at length.

17. Each of the Proposals provides that invoices issued to Trinity are to be paid within thirty days of Trinity's receipt.

18. Trinity received each of the invoices identified on Exhibit D.

19. Trinity did not object to the goods and services provided under the Proposals or the rates charged in the invoices.

20. Trinity failed to make payment against the invoices in accordance with the terms of the Proposals and applicable Pennsylvania law.

21. Elk, through counsel, advised Trinity of its payment default by letter dated December 2, 2019 and demanded that Trinity make payment of the invoiced amount, plus contractual and statutory interest, attorney fees and costs. The December 2, 2019 letter is attached hereto as Exhibit E and incorporated herein as if the same were set forth at length. Trinity failed to pay the amounts owing to Elk, despite demand.

**COUNT ONE – BREACH OF CONTRACT**

22. The averments contained in paragraphs 1 through 21 of this Complaint are incorporated by reference as if fully set forth herein.

23. Elk and Trinity entered into contracts whereby Elk agreed to provide goods and services to Trinity in connection with the Project, and Trinity agreed to pay Elk for the furnished

goods and services.

24. Elk discharged its duties under the contracts.

25. Trinity is obligated to render payment for the goods and services provided under the contracts within thirty days of the receipt of Elk's invoice.

26. Elk issued to Trinity the invoices referenced on Exhibit D.

27. Trinity received the invoices and failed to make payment in accordance with the terms of the contracts

28. Trinity breached its contracts with Elk by failing and refusing to remit payment of its outstanding balance to Elk for the goods and services provided under the contracts.

29. Elk satisfied all conditions precedent to commencing this action, and, or, Trinity waived all conditions precedent to commencing this action.

30. Elk is damaged as a result of Trinity's breach of the contracts in the amount of $1,190,028.44, plus interest on the outstanding balance of each invoice at the amount of 1% per month beyond the date when payment was due.

WHEREFORE, Plaintiff, Elk Transportation, Inc., d/b/a Elk Environmental Services, requests that the Court enter judgment in its favor and against Defendant, US Trinity Energy Services, LLC, in an amount of $1,190,028.44, plus interests thereon at the amount of 1.0% per month beyond the date when payment was due, for costs, and such other and further relief as the Court deems just and proper.

**COUNT TWO – VIOLATION OF THE CONTRACTOR AND SUBCONTRACTOR PAYMENT ACT, 73 P.S. § 501, et seq.**

31. The averments contained in paragraph 1 through 30 of this Complaint are incorporated by reference as if fully set forth herein.

32. Trinity entered into a contract with Sunoco for the construction of the Project,

which constitutes the improvement of real property in accordance with the terms of the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 501, et seq. ("CASPA").

33. Trinity is a "contractor" as that term is defined by Section 502 of CASPA.

34. Elk is a "subcontractor" as that term is defined by Section 502 of CASPA

35. Elk provided goods and services to Trinity for the Project in accordance with the contracts that the parties entered into.

36. Pursuant to the terms of the contracts, Trinity is required to pay Elk within thirty days of invoice receipt.

37. Elk issued the invoices identified on Exhibit D to Trinity.

38. Trinity did not provide notice of any alleged defect or impropriety in the invoices within the time period required by Section 508 of CASPA.

39. Trinity did not provide notice, within the period required under Section 511 of CASPA, that payments would be withheld from the invoices as a result of any alleged deficiencies in Elk's work

40. Trinity failed to pay the full balance of each invoice identified on Exhibit D within thirty days of the invoice receipt.

41. Trinity's wrongful withholding of the full invoice balance owed to Elk constitutes a violation of CASPA.

42. Elk is entitled, pursuant to Section 507(d) of CASPA, to recover interest at the rate of 1% per month on the outstanding amount of each invoice not paid within thirty days.

43. Elk is entitled, pursuant to Section 512(a) of CASPA, to recover penalties for Trinity's wrongful withholding of payments owed to Elk in the amount of 1% per month on the outstanding amount of each invoice.

44. Elk is entitled, pursuant to Section 512(b) of CASPA, to recover attorney fees and costs that Elk incurs as a result of the institution and maintenance of this lawsuit.

WHEREFORE, Plaintiff, Elk Transportation, Inc., d/b/a Elk Environmental Services, requests that the Court enter judgment in its favor and against Defendant, US Trinity Energy Services, LLC, in an amount of $1,190,028.44, plus interests thereon at the amount of 1.0% per month beyond the date when payment was due, plus statutory interest and penalties, attorney fees, for costs, and such other and further relief as the Court deems just and proper.

### COUNT THREE – ACCOUNT STATED

45. The averments contained in paragraph 1 through 44 of this Complaint are incorporated by reference as if fully set forth herein.

46. Elk stated an account with Trinity by way of invoices, which were not seasonably objected to by Trinity.

47. Due to Trinity's failure to remit payments to Elk for services rendered by Elk to Trinity, Elk has been damaged in an amount of $1,190,028.44, plus interest on the outstanding balance of each invoice at the amount of 1% per month beyond the date when payment was due.

WHEREFORE, Plaintiff, Elk Transportation, Inc., d/b/a Elk Environmental Services, requests that the Court enter judgment in its favor and against Defendant, US Trinity Energy Services, LLC, in an amount of $1,190,028.44, plus interests thereon at the amount of 1.0% per month beyond the date when payment was due, for costs, and such other and further relief as the Court deems just and proper.

### COUNT FOUR – UNJUST ENRICHMENT

48. The averments contained in paragraph 1 through 47 of this Complaint are incorporated by reference as if fully set forth herein.

49. Elk provided goods and services on the Project for Trinity's benefit and accordingly conferred a benefit on Trinity.

50. Trinity accepted the goods and services provided to Trinity by Elk and has enjoyed the benefit of the goods and services in connection with the performance of Trinity's own work on the Project.

51. Elk had the reasonable expectation that it would be compensated for the goods and services that it furnished to Trinity and that were used on the Project.

52. Trinity failed and refused to pay Elk for the goods and services that Elk supplied Trinity for the Project.

53. Trinity's retention of the benefit of the work performed by Elk on the Project without fully compensating Elk for the value of the work is unjust.

54. The reasonable value of the work performed by Elk on the Project and not paid for by Trinity is in excess of $1,190,028.44.

WHEREFORE, Plaintiff, Elk Transportation, Inc., d/b/a Elk Environmental Services, requests that the Court enter judgment in its favor and against Defendant, US Trinity Energy Services, LLC, in an amount in excess of $75,000.00, for costs, and such other and further relief as the Court deems just and proper.

**COUNT FIVE – PROMISSORY ESTOPPEL**

55. The averments contained in paragraph 1 through 54 of this Complaint are incorporated by reference as if fully set forth herein.

56. Trinity promised to compensate Elk for the goods and services that Elk provided for the Project.

57. Trinity made these promises in order to induce Elk to perform such work on the

Project.

58. Elk reasonably relied upon the promises made by Trinity and incurred costs arising from and relating to the provision of goods and services for the Project.

59. Elk reasonably expected that Trinity would make payment for the goods and services that Elk furnished to Trinity in connection with the Project.

60. Injustice to Elk as a result of Trinity's conduct can only be avoided by enforcing Trinity's promises to pay Elk for the value of the goods and services that Elk supplied to Trinity.

61. The reasonable value of the work performed by Elk on the Project and not paid for by Trinity is in excess of $1,190,028.44.

WHEREFORE, Plaintiff, Elk Transportation, Inc., d/b/a Elk Environmental Services, requests that the Court enter judgment in its favor and against Defendant, US Trinity Energy Services, LLC, in an amount in excess of $75,000.00, for costs, and such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN P.C. |
| Dated: December 10, 2019 | By: /s/ Brian A. Lawton<br>Brian A. Lawton, Esquire<br>Pa. I.D. No.: 82093<br>525 William Penn Place, Suite 3005<br>Pittsburgh, PA 15219<br>T: (412) 434-5530<br>E: blawton@cohenseglias.com |
|  | Anthony L. Byler, Esquire<br>Pa. I.D. No.: 76379<br>Alex A. Barth, Esquire<br>Pa. I.D. No.: 91558<br>30 South 17th Street, 19th Floor<br>Philadelphia, PA 19103<br>T: (215) 564-1700<br>E: tbyler@cohenseglias.com<br>E: abarth@cohenseglias.com |
|  | JURY TRIAL DEMANDED |